UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-280-GWU

ROBERT LEE HOWARD,                                              PLAINTIFF,

VS:                              MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT,

## INTRODUCTION

Robert Howard brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income.  The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

> 1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).
>
> 2. Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.
>
> 3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520©), 404.1521, 416.920©), 416.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

1

  5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

  6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

  7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

  In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

  One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th

Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567©), 416.967©). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not

precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820  F.2d 777 (6th Cir.  1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Howard, a 45 year-old former truck driver and diesel mechanic with a 10th grade education, suffered from impairments related to the residuals of myocardial infarction, hypertension, residuals of upper GI bleeding secondary to ulcers, and anxiety/depression.  (Tr. 14, 18).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 22).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional limitation to light level work along with such non-exertional limitations as (1) an inability to ever climb ladders, ropes, or scaffolds; (2) an inability to more than occasionally crouch, crawl or kneel; (3) a need to avoid

exposure to unprotected heights or hazardous machinery; (4) a limitation to no more than simple instructions; and (5) an inability to perform production rate work due to a restriction concerning highly stressed work. (Tr. 516). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 519). Therefore, assuming that the vocational factors considered by Bradford fairly depicted Howard's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The question was essentially compatible with the opinion of Dr. Kip Beard, an examining consultant, who only indicated a limitation concerning a need to avoid heavy lifting and repetitive squatting. (Tr. 371). The question was also consistent with the physical restrictions identified by Dr. Humilidad Anzures, a non-examining medical reviewer. (Tr. 458-466). Dr. Dennis Ulrich (Tr. 312-358) and the staff at the Marymount Medical Center did not report the existence of more severe physical restrictions than those found by the ALJ. (Tr. 469-472). These reports provide substantial evidence to support the administrative decision.

Dr. Ashwini Anand, a treating source, identified a number of extremely severe restrictions on a Cardiac Residual Functional Capacity Questionnaire dated July 13, 2005. (Tr. 403-406). The ALJ rejected this opinion because he did not find that it was well-supported by objective medical data. (Tr. 17). This action would appear appropriate. As noted by the ALJ, only one month earlier, during the plaintiff's June, 2005 examination, Dr. Anand had stated that the plaintiff was stable from a cardiac standpoint and appeared to be doing well. (Tr. 408). The claimant was encouraged to exercise as much as possible. (Tr. 408). The ALJ thought this recommendation to be inconsistent with the severe functional limitations indicated

6

the following month.  (Tr. 17).  The ALJ also noted that an EKG had been normal, that a heart catheterization had revealed normal coronary arteries, and that stress test results had been negative for ischemia and indicated that heart function was excellent.  (Tr. 16).  Therefore, substantial evidence supports this portion of the ALJ's denial decision.

      The Court notes that the July, 2003 Nuclear Medicine Stress Test did reveal evidence of an inferior infarction as well as no evidence of ischemia.  (Tr. 430). This test result was apparently not seen by Dr. Beard.  (Tr. 366).  However, the plaintiff reported to Dr. Beard that his heart attack occurred in 1990.  (Tr. 366).  The record indicates that the claimant continued to work as a truck driver and mechanic until 2004.  This test result was also produced one year prior to Howard's alleged onset date of July 15, 2004, during a time period in which he continued to be employed. (Tr. 46).  Dr. Anand did not specify what evidence would support such a deterioration in the plaintiff's ability to work between the July, 2003 stress test and the doctor's July, 2005 assessment.  (Tr. 403-406).  The fact that the abnormal test result was produced during a time frame when the claimant did not even allege to be disabled and was actually still employed is contrary to an assertion that this test alone could support disabling restrictions without at least some additional information.  Under these circumstances, the Court finds no error.

      The ALJ also dealt properly with the evidence of record relating to Howard's mental condition.  The question was essentially consistent with the mental limitations indicated by Psychologists January Jacobson (Tr. 386-388) and Ilze Sillers (Tr. 453-455), the non-examining medical reviewers.  Psychologist Crystal Sahner, an examining consultant, opined that plaintiff would be "markedly" limited in his ability to perform even simple, repetitive tasks, a factor not included in the hypothetical question.  (Tr. 364).  However, Jacobson indicated that this limitation

7

was contradicted in the record by the Third Party Activities of Daily Living Questionnaires as well as his work history. (Tr. 384). An ALJ may rely upon the opinion of a non-examiner over an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Therefore, this portion of the ALJ's decision is supported by substantial evidence.

Howard argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Howard was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. Dr. Anand reported normal heart sounds with no murmurs, rubs, or gallops in June of 2005. (Tr. 408). The heart rhythm was regular and the heart rate normal. (Tr. 408). A Nuclear Medicine Stress Test revealed no sign of ischemia. (Tr. 430). His chest pain was noted to be atypical by Dr. Anand as a result of a negative stress test. (Tr. 420). Dr. Ulrich noted a routine physical examination in August of 2004. (Tr. 313). The plaintiff reported having no abdominal pain to Dr. Beard. (Tr. 367). The claimant denied experiencing dizziness, seizures, and fainting spells. (Tr. 368). Dr. Beard stated that the claimant's chest pain history was atypical for angina. (Tr. 371). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and

objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated the plaintiff's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of April, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**